UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| MIKE E. COLVIN | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-276 |
| | ) | *Greer/Inman* |
| SHERIFF STEVE BURNS, CAPT. NEIL | ) | |
| MATTHEWS, DR. MATTHEWS, and | ) | |
| NURSE SUSAN CHRISTIE | ) | |

### **MEMORANDUM and ORDER**

Mike E. Colvin, a prisoner in the Greene County Detention Center [GCDC] at the time he filed this lawsuit, submitted this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Defendants are the Greene County, Tennessee Sheriff, an officer at the GCDC, and a physician and a nurse at that facility. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. Because plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00, which shall be paid on an installment basis. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Accordingly, the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk of Court, 220 West Depot Street, Ste. 200, Greeneville, TN 37743, twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly

income exceeds $10.00, until the full filing fee of $350 has been paid.[1] *Id.*

The Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate trust accounts wherein plaintiff is confined, to ensure compliance with the fee assessment and collection procedures outlined above.

The Court now must review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed.

In paragraph IV of the complaint, plaintiff states his claim in its entirety:

> I have been denied medical attention. Doctor Matthews, Nurse Susan Christie said that there wasn't anything wrong [with] me, [t]hat [it] looked like someone had hit me in my arm. There's a knot the size of a golf ball 3 inches below my left shoulder between my bicep and tricep muscle. It has been an ongoing problem for many months now, also the doctor said it isn't in their budget to send any inmates to see any outside doctors. I have limited use of my left arm. I am in severe pain 24 hours a day.

Plaintiff seeks compensation for all of his pain and suffering.

Prison authorities who are deliberately indifferent to the serious medical needs of prisoners violate the Eighth Amendment rights of those inmates. *Estelle v. Gamble*, 429 U.S. 97 (1976). An Eighth Amendment claim is composed of two parts: an objective component,

---

[1] In a typical prisoner's civil case, the inmate is required to pay an initial partial filing fee based on the funds in his inmate trust account for the last six months. However, plaintiff's application reflects that he has had no funds in his account, and he thus is relieved of paying that initial fee. *See McGore*, 114 F.3d 601, 666 (6th Cir. 1996)

which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires a showing of a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id*. However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106.

The Court simply does not see a constitutional violation here because there is no evidence of deliberate indifference. Defendant doctor and nurse did not disregard plaintiff's need for medical care because, by his own allegations, he consulted with them about his arm. *Farmer*, 511 U.S. at 835-36 (concluding that, by taking reasonable measures to abate the harm, a defendant avoids liability, even if the harm is not averted). The fact that plaintiff reports that they found nothing wrong with him is not a constitutional matter but is, if anything, medical negligence.

While plaintiff finds fault with the defendant doctor's remark that there were no funds available to send him to an outside doctor, the Eighth Amendment does not entitle an inmate "to demand specific care. [An inmate] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); see also *Fitzke v. Shappelle*, 468 F.2d 1072, 1076

3

(6th Cir. 1972) (finding that the Eighth Amendment does not require that every request for medical care made by prisoner be honored). As long as the treatment actually afforded an inmate squares with constitutional standards, he has no right to demand second opinions, a certain physician, or a particular treatment. *Estelle*, 429 U.S. at 106-07; *McCracken v. Jones*, 562 F.2d 22 (10th Cir. 1977). The Court finds nothing in the pleadings to suggest that any defendant was deliberately indifferent to a serious medical need.

An appropriate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE